**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MICHAEL JOEL ROZIER,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-295 (MTT)** |
| | ) | |
| **MCCALLA RAYMER LEIBERT** | ) | |
| **PIERCE LLC,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

Plaintiff Michael Rozier filed a complaint on July 9, 2025 against defendants McCalla Raymer Leibert Pierce, LLC and New American Funding, LLC alleging "property fraud," "wrongful foreclosure," "slander of title," "violation of due process," "deprivation of rights under color of law," "civil rights violation," "fraud and misrepresentation," "emotional distress," "conspiracy to commit fraud," and a "Civil RICO violation." ECF 1. He filed an amended complaint on July 11, 2025 (ECF 3) and a second amended complaint on September 9, 2025 without the Court's leave (ECF 19). On September 26, 2025, Rozier filed a "Motion for Temporary Restraining Order." ECF 23.

First, the Court notes as a preliminary matter that Rozier certifies he has served his Motion for Temporary Restraining Order on the defendants. ECF 23-4. Thus, his motion is construed as a Motion for Preliminary Injunction. Second, Rozier maintains that "[o]n or about July 2025, Plaintiff filed a Notice of Removal pursuant to 28 U.S.C. §

1446(d), which immediately divested the state court of jurisdiction" but "[d]espite removal, on September 25, 2025, Defendants caused Plaintiff and his family to be forcibly removed from the property pursuant to a writ of possession by the Magistrate Court of Bibb County." ECF 23 at 1. But this is an original action. Rozier never filed a Notice of Removal, although he filed copies of documents filed in the Magistrate Court of Bibb County as exhibits to his complaint and amended complaint. *See* ECF 1; 3. Third, this action is duplicative of a lawsuit Rozier filed in Bibb County Superior Court. In that action, a dispositive motion has been fully briefed and is awaiting disposition by the Superior Court.

To obtain a temporary restraining order or preliminary injunction, a plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that granting the relief would not be adverse to the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). The Court finds it is unlikely that Rozier will succeed on the merits. In fact, the documents he filed suggest the near certainty that Rozier's claims will be dismissed. Because Rozier has failed to demonstrate a substantial likelihood that he will succeed on the merits of any claim, the motion for preliminary injunction fails and the Court need not discuss the other elements of the preliminary injunction standard. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) (stating that the moving party is not entitled to a preliminary injunction unless it establishes its burden as to all four elements).

-3-

Moreover, because this action is duplicative of the Superior Court action, the Court will

almost certainly, at the very least, abstain from exercising jurisdiction over this action.[1]

Accordingly, Rozier's "Motion for Temporary Restraining Order" (ECF 23) is

**DENIED.**

**SO ORDERED**, this 29th day of September, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The defendants have filed a motion requesting the Court to abstain from exercising jurisdiction or, in the alternative, to dismiss the complaint for failure to state a claim. ECF 20. Rozier has responded. ECF 24. A reply is due October 10, 2025.