IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL JOEL ROZIER, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MCCALLA RAYMER LEIBERT ) <br> PIERCE LLC, *et al.*, ) <br> ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 5:25-cv-295 (MTT) |

## ORDER

Defendant New American Funding ("New American") moves to dismiss pro se plaintiff Michael Rozier's complaint, amended complaint, and second amended complaint[1] for failure to state a claim, or, alternatively, moves the Court to abstain from

---

[1] While Rozier did not seek the Court's leave to file the second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court will allow the second amended complaint because Rozier is pro se and the second amended complaint "correct[s] the legal identity" of defendant McCalla Raymer Leibert Pierce, LLC to "McCalla Raymer Leibert Pierce, LLP." ECF 19-2 at 1; *see Brown v. Blinken,* 2023 U.S. Dist. LEXIS 56723, at *5-6, 2023 WL 2767773 (N.D. Ga. Mar. 31, 2023); *Pears v. Mobile County*, 645 F. Supp. 1062, 1083 (S.D. Ala. 2009) ("[C]ourts have routinely allowed a plaintiff to correct his pleadings under Rule 15 to designate a defendant's name properly, provided that the defendant has notice of the proceedings and knows or should know that the action was being brought against it.") (citations omitted). McCalla Raymer Leibert Pierce, LLP clearly has notice because it represents New American in this action. *See* ECF 20-1 at 18.

The Court will construe all three complaints as operative because Rozier's first amended complaint "reaffirms and incorporates all facts and claims stated in the initial complaint by reference," (ECF 3 ¶ 1), and his stated purpose of filing the second amended complaint was limited to asserting "additional" causes of action, addressing service issues, and correcting the name of defendant McCalla Raymer Leibert Pierce, LLP. ECF 19-2 at 1; *see Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982).

asserting jurisdiction over this action. ECF 20-1 at 1. For the reasons that follow, New American's motion to dismiss (ECF 20) is **GRANTED**.[2]

## I. BACKGROUND

Rozier filed his federal complaint on July 9, 2025 against defendants McCalla Raymer Leibert Pierce, LLC and New American Funding, LLC. ECF 1. He filed an amended complaint on July 11, 2025 (ECF 3) and a second amended complaint on September 9, 2025, alleging "Property Fraud," "Wrongful Foreclosure," "Slander of Title," "Violation of Due Process," "Deprivation of Rights Under Color Of Law," "Civil Rights Violation," "Fraud & Misrepresentation," "Emotional Distress," "Conspiracy to Commit Fraud," a "Civil RICO Violation," and "Stolen Identity/Identity Theft." ECF 19-2 at 2. On September 26, 2025, Rozier filed a "Motion for Temporary Restraining Order" ("TRO"), which the Court denied. ECF 23; 28. In its Order, the Court observed that while Rozier maintained in his motion for a TRO that he filed a notice of removal that "immediately divested the state court of jurisdiction" (ECF 23 at 1), no such removal was filed. ECF 28 at 1-2. Rozier subsequently filed a Notice of Removal (ECF 29); a Motion to Stay and Vacate Eviction (ECF 30); a Motion to Vacate State Writ of Possession (ECF 31); a Motion for Reconsideration (ECF 32); a second Motion to Stay and Vacate Eviction (ECF 33); a Motion to Compel/Motion to Strike/Motion for Sanctions & Default Judgment (ECF 35), a Motion for Speedy Trial and Request for Immediate Hearing (ECF 37), and a Motion for Summary Judgment (ECF 40). Notwithstanding the Court's attempt to clarify the posture of his case, Rozier continues to assert that he timely filed a notice of removal and "[d]espite removal, the Magistrate Court proceeded to issue and

---

[2] New American's motion to stay discovery (ECF 21) is **TERMINATED as moot.**

enforce a writ of possession resulting in Plaintiff and his family being wrongfully evicted." ECF 30 ¶¶ 1, 2.

## II. STANDARD

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are 'merely consistent with a defendant's liability' fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Where there are dispositive issues of law, a court may dismiss a claim

regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

## III. DISCUSSION

As a preliminary matter, the Court notes that Rozier's Notice of Removal filed on October 1, 2025—nearly three months after he filed his initial complaint—is substantively and procedurally improper. Rozier attempts to remove two state court actions, one from the Magistrate Court of Bibb County and one from the Superior Court of Bibb County. ECF 29 at 1.

First, Rozier cannot remove two separate state court actions using one notice of removal. *See Zaker v. Belkin Int'l,* 2018 U.S. Dist. LEXIS 240637, at *2-3, 2018 WL 11198054 (E.D. Mich. Jan. 16, 2018) (collecting cases). Second, Rozier is the plaintiff in the Superior Court action. *See* ECF 29-1. 28 U.S.C. §§ 1441 and 1446 allow only a defendant to remove a civil action from state court. Rozier cannot remove his own action. *See* 28 U.S.C. § 1441, 1446; *Rigaud v. Broward*, 346 Fed. App'x 453, 454 (11th Cir. 2009). Third, neither of the named defendants in this action are parties to the Magistrate Court action.[3] ECF 29-1 at 267-72; 29-2 at 76. Finally, judgment was rendered in that action on August 11, 2025, and a Writ of Possession issued on that same date. ECF 29-2 at 76-77. Rozier concedes that the Writ of Possession was enforced and the eviction complete on September 25, 2025, before Rozier filed his Notice of Removal. ECF 26 ¶ 2. The Magistrate Court action was fully adjudicated and there was nothing left to remove. *See* 28 U.S.C. § 1446(a) (notice of removal can be filed only in district and division where action in state court is pending). In short,

---

[3] The Secretary of Veterans Affairs was the plaintiff and Rozier was the defendant in the Magistrate Court action. *See* ECF 29-1 at 267-72; 29-2 at 76.

whatever this case is, it is not a removal action. The Court now turns to the merits of New American's motion to dismiss.

New American contends, and the Court agrees, that there are no facts pleaded in the initial or amended complaints. ECF 20; *see* ECF 1; 3; 19-2. In the "Statement of Claim" section of his initial complaint, Rozier alleges "[t]he defendants filed false paperwork and tried to take my home without legal ownership or a valid contract" and "[t]he defendants attempted to foreclose on my home without standing, a valid loan agreement, or lawful authority." ECF 1 at 4. In his "continued" Statement of Claim section, Rozier makes only bare assertions of purported legal actions—each of them a single sentence—without specifying any documents to which his assertions relate; what statements were made; what actions were taken; and which party took what action. *Id.* at 5-6 ¶¶ 1-10. He amended his complaint to insert sovereign-citizen jargon and "assert[] additional claims for violations of the Privacy Act, unlawful credit reporting, reputational harm, extortion, and economic hardship." ECF 3 ¶¶ 9, 4 ("Under Article I, Section 10 of the U.S. Constitution, no state shall make anything but gold and silver coin a tender in payment of debts. Plaintiff raises the issue of lawful money, and challenges the legitimacy of fiat-based debt enforcement."). Again, he provides only threadbare allegations and legal conclusions.[4] While courts liberally construe pro se filings,[5] the pleading standard in the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Accordingly, Rozier has failed to state a viable claim.

---

[4] Rozier's second amended complaint purports to "incorporate newly discovered facts" (ECF 19-2 at 1), but these allegations only pertain to Rozier's service efforts on McCalla Raymer.

[5] *See In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 125 F.4th 1365, 1377 (11th Cir. 2025).

Finally, New American asserts that its co-defendant, McCalla Raymer Leibert Pierce, LLC, "no longer exists," apparently because it now exists as a limited liability partnership, McCalla Raymer Leibert Pierce, LLP. ECF 20-1 at 2 n.2. Rozier has submitted numerous filings documenting his challenges serving McCalla Raymer, including a "Notice of Rejected Service of Process" on August 5, 2025 (ECF 7), a "Motion to Accept Service" on August 14, 2025 (ECF 8), and two motions for sanctions on August 28 and September 15, 2025 (ECF 11; 15). On September 26, 2025, Rozier filed a "Notice of Proper Service" stating "Defendant McCalla Raymer Leibert Pierce has been properly served under its true corporate identity as a Limited Liability Partnership" ("LLP") and "Defendants have alternated between appearing and filing pleadings as both 'LLC' and 'LLP,' creating deliberate confusion and misrepresentation before this Court." ECF 25 at 1. The Court does not know what all that means. The only certain thing is that McCalla Raymer has not entered an appearance in this action.

As discussed above, New American is represented by McCalla Raymer Leibert Pierce, LLP. *See* ECF 20-1 at 18. New American maintains that McCalla Raymer Leibert Pierce, LLP has not been properly served with process in this action. ECF 20-1 at 2 n.2. Perhaps it is understandable that New American wants to help its co-defendant, but it can't.[6]

---

[6] "[N]umerous courts have held that '[c]o-defendants do not have standing to assert improper service claims on behalf of other defendants,' regardless of the alignment of their interests." *Bridges v. Poe*, 2020 U.S. Dist. LEXIS 104440, at *10, 2020 WL 3207278 (N.D. Ala. June 15, 2020) (quoting *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 114-15 (S.D.N.Y. 2010) (collecting cases).

Accordingly, Rozier's claims against New American alone are **DISMISSED with prejudice.**[7]

### IV. CONCLUSION

New American's motion to dismiss for failure to state a claim (ECF 20) is **GRANTED** and New American is dismissed from this action.

**SO ORDERED**, this 13th day of November, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[7] A court may dismiss claims with prejudice when another attempt to amend the complaint would be futile. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004). It is clear from Rozier's amended complaint and subsequent filings that he is advancing claims based in non-meritorious sovereign citizen styled theories, which are frivolous and cannot be cured through amendment.