**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MICHAEL JOEL ROZIER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-295 (MTT)** |
| | ) | |
| **MCCALLA RAYMER LEIBERT** | ) | |
| **PIERCE LLC,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Plaintiff Michael Rozier moves the Court for reconsideration of its Order denying his motion for a temporary restraining order ("TRO") (ECF 28) and Order dismissing Rozier's claims against Defendant New American Funding (ECF 41). ECF 32; 43.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and

any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

In Rozier's motion for reconsideration of the Court's Order denying his motion for a TRO, Rozier argues that he has filed a Notice of Removal and "invokes protections … which restricts state jurisdiction over Indigenous persons absent consent." ECF 32 at 1. Rozier does not attempt to demonstrate any appropriate basis for reconsideration as described above, and thus his motion for reconsideration (ECF 32) is **DENIED**.

In his motion for reconsideration of the Court's Order dismissing his claims against New American Funding, Rozier argues (1) the Court erred by not addressing the threshold issue of standing based on a void contract; (2) the Court's "failure to state a claim" analysis is moot if the defendant lacks standing to enforce a void debt; and (3) "the 'mortgage' is a nullity, a 'dead pledge,' securing northing." ECF 43. Rozier appears to assert that the Court made a clear error of law. However, his argument that Defendant New American Funding, who Rozier sued, "lacks standing," is nonsensical. Rozier is again reminded that the Court will not tolerate sovereign citizen theories, which are uniformly rejected as meritless. Moreover, "advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986). Because Rozier has failed to show that the Court made a clear error in its previous Order (ECF 41), his motion for reconsideration (ECF 43) is **DENIED**.

**SO ORDERED**, this 6th day of February, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT