**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

|  |  |  |
|---|---|---|
| **MICHAEL JOEL ROZIER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-295 (MTT)** |
| | ) | |
| **MCCALLA RAYMER LEIBERT** | ) | |
| **PIERCE LLC,** *et al.***,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

Pro se Plaintiff Michael Rozier filed his federal complaint on July 9, 2025 against defendants McCalla Raymer Leibert Pierce, LLC and New American Funding, LLC ("New American"). ECF 1. He filed an amended complaint on July 11, 2025 (ECF 3) and a second amended complaint on September 9, 2025, alleging "Property Fraud," "Wrongful Foreclosure," "Slander of Title," "Violation of Due Process," "Deprivation of Rights Under Color Of Law," "Civil Rights Violation," "Fraud & Misrepresentation," "Emotional Distress," "Conspiracy to Commit Fraud," a "Civil RICO Violation," and "Stolen Identity/Identity Theft." ECF 19-2 at 2. On November 13, 2025, the Court granted New American's motion to dismiss. ECF 41.

On January 14, 2026, the Court ordered Rozier to show cause why his claims against McCalla Raymer should not be dismissed for failure to serve McCalla Raymer within ninety days of filing his complaint. ECF 47. On January 27, 2026, Rozier filed a motion to strike McCalla Raymer's "motion to dismiss based on alleged insufficient service of process." ECF 49. The Court informed Rozier that McCalla Raymer "has not

filed a responsive pleading or motion and thus has not raised the defense of insufficient service of process." ECF 51. The Court also explained that "[u]nder Federal Rule of Civil Procedure 4(m), if a plaintiff does not serve a defendant within 90 days from the filing of the complaint, 'the court—on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.'" *Id.* (quoting Fed. R. Civ. P. 4(m)). The Court again ordered Rozier to show cause why his claims against McCalla Raymer should not be dismissed for failure to serve McCalla Raymer within ninety days, warning his that "failure to timely respond may result in dismissal of this action." *Id.*

Rozier responded on March 4, 2026, arguing that good cause exists to extend the time for service on McCalla Raymer. ECF 54. The Court construed his response as a motion to extend the time to serve McCalla Raymer and granted the motion, ordering Rozier to serve McCalla Raymer and file proof of service by April 10, 2026. ECF 55. No proof of service was filed, and the Court ordered Rozier on April 14, 2026 to show cause, by April 28, 2026, why his claims against McCalla Raymer should not be dismissed for failure to comply with the Court's Order and failure to serve McCalla Raymer. ECF 57.

The deadlines to serve McCalla Raymer and to respond to the Court's show cause Order have passed, and Rozier has not filed proof of service or responded. Accordingly, it is hereby **ORDERED** that this action be **DISMISSED WITHOUT PREJUDICE.** *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.")

-2-

(citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 29th day of April, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT